UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────x

MCKEON ROLLING STEEL DOOR CO.,     1:23-cv-08720 (ALC) (RFT)
INC.,

                     Plaintiff,

   -against-                      **CONFIDENTIALITY STIPULATION AND
                                                   PROPOSED PROTECTIVE ORDER**

U.S. SMOKE & FIRE CORP; ASA, GP, a
General Partnership; STEVEN
SADEGHIAN, its General Partner; and
GUARDIAN FIRE TESTING
LABORATORIES, INC.,

                     Defendants.

──────────────────────────────────────────x

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     Any party to this litigation and any third-party shall have the right to designate as Confidential, and subject to this Order, any information, document, or thing, or portion of any document or thing that contains confidential or proprietary business information, including competitively sensitive technical, marketing, financial, sales or other business or personal information. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter, "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as Attorneys' Eyes Only, and subject to this Order, any information, document, or thing, or portion of any document or thing that consists of commercially sensitive agreements between any party and companies that are not a party to the litigation, including any drafts thereof; non-public internal financial reports and pricing or planning information; any trade secret or other research and development documents; or other sensitive commercial or technical information that the producing party believes in good faith should be afforded the highest level of confidentiality and the disclosure of which would be likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter, "Attorneys' Eyes Only"). Documents and information which have been designated as Confidential or Attorneys' Eyes Only are referred to collectively as "Confidential Information."

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action or related litigation involving the parties, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 (as to Confidential material) and 8 (as to Attorneys'-Eyes-Only material), respectively, unless and until the restrictions herein are removed either by written

agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Material produced and marked as Confidential shall not be disclosed to any person, except:

    a. The requesting party (including employees necessary to, and participating in, the action) and their counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.    Inform the person of the confidential nature of the information or documents;

      b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as Confidential or Attorneys' Eyes Only shall not constitute a waiver of the right to subsequently designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as the appropriate category of Confidential Information subject to all the terms of this Stipulation and Order.

8. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

      a.    Outside counsel for the parties;

      b.    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.    The Court and court personnel;

    e.  Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it or if the producing party consents to such disclosure; and

    f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

  9.  Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

  10.  With respect to any deposition that involves a disclosure of the Confidential Information of a party to this action or a third party, such party or third party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be shortened or extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 8 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 8 above

during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 8.

11. Before a party may disclose to a person identified in Paragraph 8(b) (the "Proposed Recipient") another person's Attorneys' Eyes Only material or information, (a) the party shall furnish to the producing person the identity and current resume or curriculum vitae of the Proposed Recipient.  The producing party will have five (5) business days to object, in a writing stating the basis for the objection, to the disclosure of Attorneys' Eyes Only material to the Proposed Recipient. The parties shall then confer, immediately and in good faith, to resolve their differences. If the parties are unable to resolve their differences, the producing party may apply, within five business days after the conference, to the Court for appropriate relief, and no disclosure shall be made to the Proposed Recipient during that five-business-day period. The burden is on the producing party to demonstrate good cause why its Attorneys' Eyes Only material should not be shown to the Proposed Recipient.  During the time the Court considers the request, the Attorneys' Eyes Only material at issue shall not be shown to the Proposed Recipient.

12. Notwithstanding any other provision of this Order, this Order shall not (a) prevent any producing party from using or disclosing its own Confidential or Attorneys' Eyes Only material as it deems appropriate, (b) preclude any party from disclosing to an employee, officer, director, or consultant of a producing party, during the testimony of that employee, officer, director, or consultant, any information provided by the producing party, (c) preclude or limit any party from the lawful use of any information obtained from a source other than the producing party, or (d) preclude any party from joining parties to this suit or otherwise pursuing legal action

against any party or third party based on documents or information produced pursuant to this Order. Before any disclosure may be made under subsection (b) above, any person in attendance during such testimony to whom disclosure is not permitted under the terms of this Order shall be required to depart the room and shall remain absent during any testimony related to the Confidential or Attorneys'-Eyes-Only material.

13. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply: (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. (b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or

non-party and which document is filed with the Court shall be filed under seal, in accordance with Judge Tarnofsky's Individual Rule III (E) or, if applicable, as required by Federal Rule of Civil Procedure 5.2.

15. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

17. In the event that a party receiving any document or information produced in this action designated as Confidential or Attorneys' Eyes Only receives a subpoena or other process or order to produce such document or information, such party shall promptly notify the party which

produced the designated documents or information, shall furnish that party with a copy of said subpoena or other process or order, and shall keep confidential such information and documents until the subpoena, process or order shall have become final and incontestable. The party that designated the documents or information as Confidential or Attorneys' Eyes Only shall have the burden of defending against such subpoena or other process or order.

18. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Attorneys' Eyes Only if otherwise required by law or pursuant to a valid subpoena.

19. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or destroyed.

.

**SO STIPULATED AND AGREED.**

Dated: March 25, 2024

| | |
|---|---|
| *s/ Lisa A. Ferrari* | *s/ Beth A. Oliak* |
| Counsel for Plaintiff | Counsel for Defendants |
| | |
| Lisa A. Ferrari (LF8081) | Beth A. Oliak, Esq. (BO33730) |
| Edward M. Weisz (EW4461) | Edward A. Pennington, Esq. |
| COZEN O'CONNOR | PENNINGTON OLIAK PLLC |
| 3 World Trade Center | 1055 Thomas Jefferson Street, NW |
| 175 Greenwich Street, 55th Floor | Ste. L35 |
| New York, NY 10007 | Washington, DC  20007 |
| Tel.: (212) 509-9400 | Tel.: (202) 897-2725 |
| Fax: (212) 509-9492 | Fax: (202) 838-825 |
| Email: lferrari@cozen.com | Email: oliakb@pennoliak.com |
| eweisz@cozen.com | epennington@pennoliak.com |

**DATED: March 28, 2024**
            **New York, New York**

**SO ORDERED.**

_____
Hon. Robyn F. Tarnofsky
U.S. Magistrate Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

MCKEON ROLLING STEEL DOOR CO., INC.,    1:23-cv-08720 (ALC) (RFT)

                        Plaintiff,    **NON-DISCLOSURE AGREEMENT**

  -against-

U.S. SMOKE & FIRE CORP; ASA, GP, a General Partnership; STEVEN SADEGHIAN, its General Partner; and GUARDIAN FIRE TESTING LABORATORIES, INC.,
MCKEON ROLLING STEEL DOOR CO., INC.,

                        Defendants.
_____x

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential and/or Attorneys' Eyes Only. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____        _____
Name (printed)                                              Signature