1055 Thomas Jefferson Street, N.W.
The Foundry Building
Suite L35
Washington, D.C 20007

Tel: 202 897-2725
www.pennoliak.com

Edward A. Pennington
epennington@pennoliak.com

# PENNINGTON OLIAK, PLLC
*Attorneys At Law*

September 6, 2024

> A telephonic discovery conference is scheduled for **Friday, September 13, 2024 at 11:00 am.** The parties are directed to join the conference at the scheduled time. Please dial (646) 453-4442, Access Code: 635 498 692#.
>
> Date: 09/09/2024
> New York, NY     SO ORDERED
>
> *[signature]*
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Via ECF

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007-1312

Re: ***McKeon Rolling Steel Door Co., Inc. v. U.S. Smoke & Fire, Inc., et al.***
***Civil Action No. 1:23-cv-08720-ALC-RFT (S.D.N.Y.)***

Dear Judge Tarnofsky:

We represent all defendants in this matter. Counsel have held a conference via video conference in an attempt to resolve a discovery matter but failed to reach an agreement. As a result of an impasse, Defendants request that Plaintiff McKeon Rolling Steel Door Co., Inc. ("McKeon") be directed to answer the following two Interrogatories, which were served on April 21, 2024:

1. Identify the entity, person or persons from whom McKeon obtained the test reports appended to the original Complaint as Exhibits A, D and G and include the dates when each was obtained, the means by which the test reports were obtained (*e.g*, by email, regular mail, hand delivery, etc.).

2. Describe the circumstances by which the entity, person or persons identified in response to Interrogatory No. 1 came into possession of the test reports.

Hon. Robyn F. Tarnofsky
September 6, 2024
Page 2

**Background**

Defendant U.S. Smoke & Fire Corp. ("USS&F") sells fire curtains, which deploy from a ceiling in large commercial buildings such as libraries, malls, office buildings, and academic buildings. The curtains block smoke and fire from advancing throughout the building. A "horizontal" version of the product is a curtain that covers a large horizontal opening.

Defendant Guardian Fire Testing Laboratories, Inc. ("Guardian") is accredited by the American National Standards Institute ("ANSI") to issue Certifications that tested products passed any number of tests that Guardian is qualified (by ANSI) to administer. One such test is the UL 10B test. Guardian has been in the business of certifying tested products for over twenty-five (25) years. Guardian issued the Test Reports which were appended to the Original Complaint. ECF No. 1, Ex. A, D and G.

Non-party NGC Testing Services ("NGC") is an independent laboratory that provides test programs, from developmental state through the certification process. NGC is also ANSI accredited as a test facility to conduct tests in accordance with all the major standards developed by ASTM, ULC, NFPA, UL, FM, ICC, ISO, AAMA, ANSI, and SAE. NGC performed the testing that led to Guardian's Certifications of USS&F and ASA GP products.

The only legitimate path to questioning a Certification issued by an ANSI accredited certification body such as Guardian is to file a complaint with ANSI's National Accreditation Board ("ANAB"). Plaintiff filed such a complaint; ANAB investigated and declined to find fault in Guardian's Certifications issued to USS&F and ASA GP. Moreover, Guardian has not been instructed by ANAB to remove the Certifications whose legitimacy is being questioned by McKeon in this lawsuit.

**Misappropriation of the Test Reports**

As alleged in Defendants' Counterclaim, the Test Reports are not available to the public and were misappropriated by McKeon. ECF No. 52 at 12. Defendants allege that the Test Reports contained confidential, trade secret information, and that McKeon used improper means to obtain the reports from unnamed third parties. *Id*.

On May 10, 2024, Plaintiff moved to dismiss Defendants' Counterclaim, alleging, *inter alia*, that the Test Reports did not contain trade secret information. ECF No. 61. On May 24, 2024, Defendants filed its Opposition, pointing out different aspects of the confidential and proprietary information contained in the Test Reports. ECF No. 62.

Hon. Robyn F. Tarnofsky
September 6, 2024
Page 3

On May 31, 2024, Plaintiff filed a Reply brief. The Motion To Dismiss remains pending.

**Grounds for Not Answering Interrogatories**

Plaintiff has refused to answer Interrogatory Nos. 1 and 2 on grounds that it will wait to see if the Court grants its Motion To Dismiss. The Response to Interrogatory Nos. 1 and 2 is identical:

Plaintiff incorporates the General Objections as if fully set forth herein. In addition to the General Objections, *Plaintiff objects to this Interrogatory on the ground that there is a pending motion to dismiss the Counterclaim and that in the event the motion is granted, the information sought in this Interrogatory is not relevant to the claims or defenses of any party* (emphasis added).

There are no grounds for refusing to answer based on the outcome of a pending motion. If the objection is based on relevance, nothing could be more relevant to this case than the question of how, when, where and how McKeon came into possession of confidential reports that led to the filing of this lawsuit. To reiterate, nothing complained of in this lawsuit goes beyond McKeon's opinion that the Test Reports were based on improper testing, and therefore, use of Certifications that were supported by the Test Reports is "false advertising."

The information sought in Interrogatory Nos. 1 and 2 also relates to Defendants' Fourth Affirmative Defense of Unclean Hands. ECF 52 at 11. The person or persons who obtained the reports could have violated criminal laws by theft or fraud. In fact, because McKeon has so far refused to identify the source and means for obtaining the reports would suggest that something improper was done.

The Court's intervention is requested to obtain this relatively straight forward, non-oppressive, non-burdensome, and highly relevant information.

Respectfully,

*/s/ Edward A. Pennington*

Edward A. Pennington

c.c.     Counsel of Record (via ECF)