

November 20, 2024

**VIA ECF**

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

> Plaintiff's time to produce damages documents is extended until one week after Defendants complete their document production. The deadline for completing the 30(b)(6) deposition of USS&F is extended until two weeks after Defendants complete their document production. USS&F shall complete its documentation by November 27, 2024. USS&F shall respond by letter to Plaintiff's request for sanctions and for an updated project chart by November 25, 2024. The deadline for expert discovery is extended until February 5, 2025.
>
> Date: 11/21/2024
> New York, NY
>
> SO ORDERED
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re:   *McKeon Rolling Steel Door Co., Inc. v. U.S. Smoke & Fire, Inc., et al.*,
      Case No. 1:23-cv-08720-ALC/RFT (S.D.N.Y.)

Dear Judge Tarnofsky:

We represent plaintiff McKeon Rolling Steel Door Co., Inc. ("MRSD") in the above action. As detailed herein, MRSD seeks an Order (1) requiring defendant U.S. Smoke & Fire, Inc. ("USS&F") to show cause why it should not be sanctioned for the violation of two of the Court's document production Orders [ECF No. 73, 90]; (2) compelling USS&F's production of documents not yet produced; and (3) extending deadlines as set forth below. *See, e.g., Erdman v. Victor*, 345 F.R.D. 60, 61–62 (S.D.N.Y. 2024) (issuing order to show cause as to "why [party] should not be sanctioned pursuant to Fed. R. Civ. P. 16(f)(1)(C) for failing to comply with a Court order or failing to timely apply to extend a Court-ordered deadline").

Background

On August 30, 2024, the Court issued an Order directing Defendants to produce, for the relevant products, specifications, price quotations, and subcontracts, and documents sufficient to establish revenues from USS&F's sales of UL 10B projects [ECF No. 73]..

On October 31, 2024, MRSD brought a second motion to compel [ECF No. 87]. At the 30(b)(6) deposition of USS&F, USS&F's designee produced a list of approximately 78 UL 10B projects (the "USS&F Project Chart"), which identified categories of documents such as specifications, price quotations, and subcontracts, approximately 40 or so of which had not been produced. Further, USS&F's witness represented that its revenues for each project are set forth in price quotations. USS&F had, as of the deposition, produced only about half of the quotations for the UL 10B projects listed on the USS&F Project Chart.

In response to MRSD's second motion to compel, the Court issued an Order on November 7, 2024 [ECF No. 90], directing defendants to complete their document production by November 11, 2024, and certify the completion of the production; directing MRSD to produce damages documents by November 22, 2024; and ordering resumed depositions of the 30(b)(6) witnesses to be completed by November 27, 2024.

Hon. Robyn F. Tarnofsky
November 20, 2024
Page 2
_____

MRSD requires the list of UL 10B projects on which USS&F supplied fire curtains, fire shutters or fire doors so that it can determine which projects MRSD bid on and which were lost to USS&F. *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265 (2d Cir. 2014) ("In a false-advertising case such as this one, actual damages under section 35(a) can include…profits lost by the plaintiff on sales actually diverted to the false advertiser"). MRSD requires documents sufficient to establish the revenues Defendants received from their UL 10B-certified products so as to establish the Defendants' profits on sales of UL 10B-certifed products. *See Nike, Inc. v. StockX LLC*, No. 22-CV-0983 (VEC), 2024 WL 3361411, at *13 (S.D.N.Y. July 10, 2024) (In a false advertising case, "Court may 'award a defendant's full profits,' not just those directly tied to the violation") (citing *Merck Eprova AG v. Gnosis* S.p.A., 760 F.3d 247, 262 (2d Cir. 2014)).

Thus. MRSD's production of damages documents hinges on the production from USS&F.

USS&F Production in Response to November 7th Order
On November 11th, USS&F produced more than 15,000 pages of documents not previously produced. As directed by the Court, Defendants' counsel also sent a certification stating: "The following signature certifies all document productions made by the ASA, USSF and Sadeghian defendants in response to all requests made to them by the plaintiff."

MRSD wrote to Defendants on November 15, 2024, to identify deficiencies in the production. In particular, the production did not include the missing specifications, price quotations, and subcontracts. USS&F made an additional production of documents on Saturday, November 16th, five days after the deadline to complete production.

Yesterday, November 19th, the parties participated in a meet and confer concerning MRSD's intent to raise these issues with the Court. Defendants' counsel advised, for the first time, that he had learned that no documents from the 2024 year had been included in the production made by USS&F and that an additional document production would therefore be made. MRSD sought information on documents for the approximately 40 or so projects that were shown on the USS&F Project Chart but had not been produced. Defendants' counsel insisted that if specifications, price quotations and subcontracts had not been produced, the projects had not, in fact, been awarded to USS&F (despite the presence of these projects on the USS&F Project Chart).

Shortly after the call, Defendants' counsel advised first, that he was incorrect and that the items in the USS&F Project Chart for which there had been no production may have been projects that were awarded to USS&F; and second, that even more documents had been located and not produced and would be forthcoming. Today, November 20th, Defendants' counsel admitted that Defendants' production was deficient and stated that, tomorrow (November 21st), USS&F would produce all missing documents - which MRSD has been requesting for weeks, including the missing specifications, price quotations, and subcontracts.

Defendants made two additional productions and promised another production of pivotal documents – documents MRSD does not possess yet- after it already certified that it produced all relevant documents. These circumstances make it very difficult for MRSD to confirm that all relevant documents have been produced, even now.

The parties had scheduled the resumed deposition of defendant Guardian for Friday, November 22nd and MRSD is prepared to proceed with that deposition.

Hon. Robyn F. Tarnofsky
November 20, 2024
Page 3
_____

Concerning USS&F, however, MRSD respectfully submits that USS&F's discovery violations have unfairly burdened MRSD and made compliance with the rest of the Court's schedule extremely difficult (and, if documents have not been produced, impossible) to meet. MRSD is producing by Friday its damages documents concerning price erosion. It is not, however, in a position to produce documents concerning sales lost to USS&F because USS&F has not produced information concerning those sales. In addition, USS&F has stymied MRSD's efforts to prepare for USS&F's resumed 30(b)(6) deposition, currently scheduled for November 27th, because of this ongoing failure to complete its document production.

But that is not all. In addition to violating the Court's Orders on the two motions to compel, USS&F has further impeded MRSD's compliance with Friday's deadline and its ability to prepare for USS&F's deposition by imposing the following conditions on MRSD.

<u>USS&F Should be Required to Provide the City and State of Projects</u>
MRSD has, for weeks, requested that USS&F add a column to the USS&F Project Chart to identify the physical location of the project, without which MRSD is unable to cross-reference the projects with its own projects, which may have different reference names. MRSD submits that the usual rule that a party is not required to create documents not in existence should be modified here. USS&F should be required to provide this information in a concise format, rather than making MRSD's attorneys search for project locations in 15,000 pages of documents and in Defendants' promised production, because (1) USS&F did not produce these documents before USS&F's 30(b)(6) deposition on October 18th when they should have been produced; and (2) because USS&F has marked all of the specifications and price quotations – where the project locations are usually found – as HIGHLY CONFIDENTIAL.

<u>The Physical Locations of Projects is Not Highly Confidential</u>.
At USS&F's deposition, USS&F produced the USS&F Project Chart as CONFIDENTIAL under the Protective Order. USS&F is now taking the position that the project information provided to MRSD at USS&F's deposition as CONFIDENTIAL is now HIGHLY CONFIDENTIAL and cannot be shared with MRSD's client representative.

Even if MRSD's attorneys are able to review the more than 15,000 pages of documents to locate project locations (which it is attempting to do but which it has been stymied in doing because of the way documents have been produced and because it is missing documents which have yet to be produced), USS&F is now taking the position that MRSD's counsel may not share the project locations with MRSD, even though those are publicly available facts shared by USS&F in its advertisements, for example, and even though the USS&F Project Chart has already been supplied to MRSD on a CONFIDENTIAL basis. *Cf. Red Rock Sourcing LLC v. JGX, LLC*, No. 21-CV-1054-JPC, 2022 WL 3904097, at *1 (S.D.N.Y. Aug. 30, 2022) (A party "shall have the right to designate as 'Attorneys' Eyes Only' any information, document, or thing, or portion of any document or thing that contains highly sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties").This is absurd and, if allowed to stand, would require MRSD's counsel to review MRSD's business records to engage in this cross-referencing exercise, something that MRSD's counsel is not qualified to do and should not have to do at this late date.

* * *

From the outset of this case, USS&F has stated over and over that it is a small company, "not like MRSD," and that it cannot spend more money on this case. Enough is enough with this narrative. MRSD is not a huge company. It, too, is a relatively small, family-owned business, which is

Hon. Robyn F. Tarnofsky
November 20, 2024
Page 4

_____

headquartered on Long Island. Defendants' delays and obfuscations in discovery have unnecessarily driven up the legal fees in this case to a degree that would be felt by any company, large or small.

As the sole and direct result of the above-stated conduct, MRSD seeks an Order:

(1) To show cause why USS&F should not be sanctioned for the failure to complete its document production by November 11, 2024, in accordance with the Court's Order [ECF No. 90], and the inaccurate certification submitted by Defendants' counsel;

(2) Directing USS&F to complete its document production by a date certain;

(3) Extending the Friday, November 22nd deadline by which MRSD must produce its damages documents to a date one (1) week after USS&F actually completes its document production;

(4) Directing USS&F to provide the previously produced USS&F Project Chart to MRSD, updated with all additional projects not previously listed and setting forth the city and state of each project;

(5) Extending the date of the resumed 30(b)(6) deposition of USS&F to a date two (2) weeks following the actual completion of USS&F's document production; and

(6) Extending the deadline for the completion of expert discovery and the filing of summary judgment motions by one (1) month in recognition of the delay and drawn-out fact discovery necessitated by USS&F's conduct.

We are available for a conference with the Court and thank the Court in advance for its consideration.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Lisa A. Ferrari*

By:   Lisa A. Ferrari


Cc: Counsel of Record (via ECF)