

December 9, 2024

**VIA ECF**

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

**Lisa A. Ferrari**
Direct Phone   212-297-2699
Direct Fax       646-588-1459
lferrari@cozen.com

Application granted.

Date: 12/10/24      SO ORDERED
New York, NY

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**Re:**   ***McKeon Rolling Steel Door Co., Inc. v. U.S. Smoke & Fire, Inc., et al.*,**
      **Case No. 1:23-cv-08720-ALC/RFT (S.D.N.Y.)**

Dear Judge Tarnofsky:

We represent plaintiff McKeon Rolling Steel Door Co., Inc. ("MRSD" or "Plaintiff") in the above action.  We write in accordance with Your Honor's Individual Rule IIIE to submit MRSD's request for attorney fees as authorized by ECF No. 108, and to request that MRSD be permitted to file the fee application under seal, as set forth below.

The Applicable Law

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government."  *U.S. v. Erie County,* 763 F.3d 235, 238-39 (2d Cir. 2014).  "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself."  *Id.* at 239.

The presumption of access to judicial documents is not absolute, however, and may be overcome where an application is narrowly tailored to serve factors that legitimately counsel against disclosure and outweigh the presumption in favor of public access.  *See Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law right of access.  A court must first conclude that the documents at issue "are indeed 'judicial documents'" to which the common law right attaches.  *See id.*  Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption."  *Id.*  When a document plays a role in a court's adjudication of litigants' substantive rights, the presumption is strong, but "[a]s one moves along the continuum, the weight of the presumption declines."  *Id.*  Courts must exercise judgment to determine the weight to be accorded to "statements or documents in the middle of the continuum," and that judgment "can be informed in part by tradition."  *U.S. v. Amodeo (Amodeo II),* 71 F. 1044, 1049-50 (2d Cir. 1995).

Hon. Robyn F. Tarnofsky
December 9, 2024
Page 2

_____

Third, the court must balance any "competing considerations" against the weight of the presumption of access, *Lugosch,* 435 F.3d at 120, including "the degree to which the subject matter is traditionally considered private rather than public" and "the privacy interests of those resisting disclosure." *Rensselaer Polytechnic Institute v. Amazon.com, Inc.* 2019 WL 2918026, *2 (N.D.N.Y. June 18, 2019) (quoting *Amodeo II,* 44 F.3d at 1050, 1051).

Courts in this Circuit have often found "privilege to be a compelling reason to overcome the presumption of access." *Flatiron Acquisition Vehicles, LLC v. CSE Mortg. LLC,* No. 17 Civ. 8987, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29, 2021) (collecting cases). Under New York law, "time records and billing statements that are detailed in showing services, conversations, and conferences between counsel and others" – such that the material reveals trial strategy or legal work – are privileged. *Id.*

The Basis for Sealing in This Case
Here, the fee application brought by MRSD is necessarily a "judicial document" to which the right of access attaches. As noted, however, courts in this district often grant requests to seal fee applications because of the overriding interest in protecting attorney-client privilege and attorney work product, and additionally, because such information is traditionally considered private rather than public.

Moreover, there are "competing considerations" against the presumption of access in this case arising from the potential interference with the attorney-client privilege in the event that the information is not sealed.

MRSD Has Narrowly Tailored its Sealing Request

This application has been narrowed to protect under seal only the attorney fee information that would impinge upon the attorney-client privilege and work product, and MRSD's strong interest in keeping the information confidential. Granting this application will protect these important privileges without impeding the presumption of public access.

Accordingly, because this narrowly tailored request for redaction allows the Court to make the specific, on the record findings required for judicial documents to be sealed, it is requested that MRSD be authorized to file its application for attorney fees under seal.

Counsel for Defendants have advised that they do not consent to the requested application to seal.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Lisa A. Ferrari*

By:    Lisa A. Ferrari

Cc: Counsel of Record (via ECF)

LEGAL\74517626\1

Lisa A. Ferrari (LF8081)
Edward M. Weisz (EW4461)
COZEN O'CONNOR
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, NY 10007
Tel. (212) 509-9400
Fax: (212) 509-9492
Email: lferrari@cozen.com
        eweisz@cozen.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

McKEON ROLLING STEEL DOOR CO., INC.,

                           Plaintiff,

        -v-

U.S. SMOKE & FIRE CORP.; ASA, GP, a General
Partnership; STEVEN SADEGHIAN, its General
Partner; and GUARDIAN FIRE TESTING
LABORATORIES, INC.,

                          Defendants.

---------------------------------------------------------------X

Case No: 1:23-cv-08720-ALC/RLT

**DECLARATION IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AUTHORIZED BY COURT'S DEC. 2, 2024, ORDER [ECF NO. 108]  [REDACTED VERSION]**

LISA A. FERRARI, being duly sworn, deposes and says:

I am a member of Cozen O'Connor, attorneys for plaintiff McKeon Rolling Steel Door Co., Inc. ("MRSD" or "Plaintiff") in this action.  I make this Declaration in support of Plaintiff's application for attorney fees authorized by the Court's December 2, 2024, Order [ECF No. 108]. The information stated here is known to me and, if called upon as a witness, I could and would competently testify thereto.

1.      On December 2, 2024, this Court awarded MRSD "the reasonable costs of the application at ECF 103, including the cost of preparing for and participating in today's conferences," and directed MRSD to submit its fee application by December 9, 2024.  Dec. 2,

LEGAL\74511833\1

2024, Order [ECF No. 108]. This Declaration sets forth that fee application and, with the Court's permission as stated during the December 2nd conference, is filed publicly in a redacted version due to the confidential and sensitive nature of the information contained herein.

2.  MRSD seeks a total of $6,597.22 in attorney fees in connection with this application.

3.  The following are excerpts taken from Cozen O'Connor's original invoice to MRSD, dated December 9, 2024, showing the time entries of Lisa A. Ferrari (Member) (equivalent to partner), Keren Dadon (a fourth-year associate), and Nancy Gonsalves (paralegal) for the reimbursable tasks, as per the Court's Order:

| Date | Timekeeper | Description of Services | Hours |
|------|-----------|------------------------|-------|
| 11/26/2024 | L. Ferrari | | 1.35 hours |
| 11/26/2024 | K. Dadon | | 3.9 hours |
| 11/26/2024 | N. Gonsalves | | .80 hours |
| 12/2/2024 | L. Ferrari | | 2.25 hours |
| 12/2/2024 | K. Dadon | | 1.8 hours |

2

| | | ████████████████████████ ██ | |
|---|---|---|---|

4.      The billing rates for the three above timekeepers are as follows:

(a)      Lisa A. Ferrari - ███████████

(b)      Keren Dadon - ███████████

(c)      Nancy Gonsalves - ████████████ .

5.      ████████████████████████████████████████████████

███████████████████████ fees.

6.      As set forth in the time entries, ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████    ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ .

7.      Regarding attendance at the court conferences on December 2, 2024, ██

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████    ████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

8.      It is respectfully submitted that the time devoted to these tasks is reasonable and complies with the lodestar method of attorney fees approved by the Second Circuit. *See Merck Eprova AG v. Gnosis S.P.A.,* Civ. Action No. 07 Civ. 5898 (RSS), 2013 WL 364213 (S.D.N.Y. 2013) (false advertising case) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany,* 522 F.3d 182 (2d Cir. 2008). Under this method, "fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Earth Flag Ltd. v. Alamo Flag Co.,* 154 F.Supp.2d 663, 668-69 (S.D.N.Y. 2001). Rates are deemed reasonable when they are "commensurate with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.,* 246 F.3d 142, 150-51 (2d Cir. 2001). Among the methods available, courts may rely on their own knowledge of current market rates for attorneys of similar skill and experience in assessing the reasonableness of a fee request. *See Screenlife Establishment v. Tower Video, Inc.,* 868 F.Supp. 47, 53 (S.D.N.Y.1994). MRSD submits that the fees charged by MRSD are reasonable and commensurate with intellectual property litigation attorneys practicing in New York City in 2024.

9.      WHEREFOR, having demonstrated that its attorney fees for the enumerated tasks are reasonable, MRSD requests that the Court award MRSD $6,597.22 in attorney fees for the time spent in connection with the preparation of ECF No. 103 and attendance at the two conferences on December 2, 2024.

4

LEGAL\74511833\1

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2024
       New York, New York

                                        */s/ Lisa A. Ferrari*
                                        Lisa A. Ferrari (LF8081)

LEGAL\74511833\1

## CERTIFICATE OF SERVICE

I hereby certify that, on December 9, 2024, a true copy of the foregoing **DECLARATION IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AUTHORIZED BY COURT'S DEC. 2, 2024, ORDER [ECF NO. 108]** has been filed electronically and is available in redacted form for viewing and downloading from the ECF System, and is being served upon all counsel of record *via* ECF transmission (redacted version) and email (unredacted version) in accordance with the Electronic Filing System of the Court and the Court's Order at the December 2, 2024, conference:

> Beth A. Oliak, Esq.
> Edward A. Pennington, Esq.
> Pennington Oliak PLLC
> 1055 Thomas Jefferson Street, NW, Ste. L35
> Washington, DC  20007
> (202) 897-2725
> (202) 838-8245 (fax)
> oliakb@pennoliak.com
> epennington@pennoliak.com
>
> *Attorneys for Defendants*

/s/ Lisa A. Ferrari

6

LEGAL\74511833\1