UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCKEON ROLLING STEEL DOOR CO., INC., <br><br> Plaintiff, <br><br> -against- <br><br><br> U.S. SMOKE & FIRE CORP., et al., <br><br> Defendants. | 23-CV-8720 (ALC) (RFT) <br><br> **<u>OPINION & ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's application for attorneys' fees of $6,597.22 in connection with its partially successful motion to compel discovery. (ECF 111.) For the reasons set forth below, the application is GRANTED in part, and Plaintiff is awarded $6,458.43 in attorneys' fees.

### FACTUAL BACKGROUND

On November 20, 2024, Plaintiff filed a letter-motion (ECF 96) seeking relief in connection with various discovery-related issues, including Defendants' failure to timely complete its document production pursuant to my order; in addition to seeking that Defendants be ordered to complete their production by a date certain, Plaintiff sought its attorneys' fees relating to its discovery motion (ECF 90). Defendants responded on November 21, 2024, explaining that the failure to complete the document production in accordance with my order was inadvertent and that Defendants would complete the production shortly. (ECF 97.) On November 21, 2024, I ordered Defendants to complete their production by November 27, 2024 and to respond by November 25, 2025 to Plaintiff's request for attorneys' fees; I substantially granted the additional relief sought, although that relief was minor. (ECF 98.) Defendants did

not file a response to Plaintiff's request for attorneys' fees. Plaintiff asked that its request for attorneys' fees be granted as unopposed. (ECF 103.) I held a conference on December 2, 2024, and for the reasons stated on the record – principally relating to the mandatory nature of granting attorneys' fees under Rule 37(a)(5) under the circumstances and Defendants' lack of adequate care in making its production – I awarded Plaintiff the reasonable costs of its filing at ECF 103; I did not order compensation for Plaintiff's work preparing its filing at ECF 90, because that application included relief that I declined to grant. (ECF 108.) I set a briefing schedule for Plaintiff's application for those attorneys' fees. (*Id.*) Plaintiff timely filed its application for attorneys' fees. (ECF 111 (sealed version); ECF 110-1 (redacted version).) Defendants timely filed their response, arguing that any attorneys' fees awarded should be limited to the work on successful discovery requests only. (ECF 113.)

## **DISCUSSION**

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure applies to an "award of expenses" made in connection with motions for orders compelling disclosure or discovery under Rule 37(a)(1) and (a)(3)(B). When a motion to compel is granted, Rule 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* "[I]t is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of . . . three exceptions applies." *Wager v. G4S Secure Integration, LLC*, No. 19-CV-3547 (MKV) (KNF), 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021). These exceptions – none of which is applicable here – are: "(i) the movant filed the motion before attempting in

2

good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Plaintiff supports its requests for $6,597.22 in attorneys' fees with the December 9, 2024 declaration of its counsel, Lisa A. Ferrari ("Ferrari Decl."). (ECF 111.) The declaration includes excerpts from counsel's invoice to Plaintiff, showing the time entries of Ferrari, the partner on the matter; Keren Dadon, a fourth-year associate; and Nancy Gonsalves, a paralegal. The tasks are limited to preparing Plaintiff's filing at ECF 103 and getting ready for the conference to discuss that filing. (ECF 111, Ferrari Decl. ¶ 3.)

Defendants' response to the fee application does not challenge the billing rate of any attorney; Defendants suggest that any attorneys' fees awarded should be limited to the work of a paralegal or junior associate to assess whether Defendants' production was complete and to prepare to argue that point at the conference on December 2, 2024. (ECF 113.)

Having reviewed the time entries, I conclude that the tasks were limited to work that was compensable under my order and that the amount spent on the time was reasonable.

Because a sanction under Rule 37(a)(5) is compensatory, it is not clear that a lodestar calculation is necessary, particularly where, as here, Defendants have not challenged any specific time entries or hourly rates. *See, e.g.*, *Sillam v. Labaton Sucharow LLP*, No. 21-CV-6675 (CM) (OTW), 2024 WL 3518521, at *2-3 (S.D.N.Y. July 24, 2024). Nevertheless, I will perform a lodestar calculation.

I have already concluded that the tasks for which compensation was sought fell within the scope of my order and that the amount of time spent was reasonable. The determination of

3

reasonable hourly rates is a factual issue committed to the court's discretion. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183-85 (2d Cir. 2008). A reasonable hourly rate is typically defined as the rate that a "reasonable, paying client would be willing to pay." *Id.* at 184. The community to which Plaintiff's counsel's rates are to be compared is intellectual property lawyers in the Southern District of New York. *See, e.g.*, *Sillam*, 2024 WL 3518521, at *3. After a discount, Ferrari's hourly rate was $787.50, Dadon's was $504, and Gonsalves's was $373.50. (*See* ECF 111, Ferrari Decl. ¶ 5.) The rates for the attorney timekeepers are very slightly outside the range of rates that have been approved by courts in this District in recent intellectual property cases; the paralegal rate is more significantly outside the range of rates approved as reasonable. *See, e.g.*, *Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, No. 13-CV-1526 (RJS), 2020 WL 2848232, at *6-7 (S.D.N.Y. June 1, 2020) (observing five years ago that courts in intellectual property cases consider to be reasonable hourly rates of $400 to $750 for partners, $200 to $450 for associates, and $150 to $200 for paralegals). Given that these amounts are ones that a reasonable client was willing to pay, and that the range of rates I reviewed is from five years ago, I believe that Ferrari's and Dadon's discounted hourly rates are reasonable; an hourly rate of $200 for Goncalves is also reasonable. Applying these rates to the time spent by these timekeepers leads to reasonable attorneys' fees of $6,458.43.

## CONCLUSION

For the foregoing reasons, Plaintiff is awarded attorneys' fees of $6,458.43 in connection with its largely successful discovery motion.

Dated: New York, New York
       February 5, 2025

SO ORDERED.

_____
ROBYN F. TARNOFSKY
United States Magistrate Judge