UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MCKEON ROLLING STEEL DOOR CO., INC.,

                 Plaintiff,

    -v-

U.S. SMOKE & FIRE CORP., et al.,

                 Defendants.

23-CV-8720 (ALC) (RFT)

**ORDER**

---

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On May 14, 2025, Plaintiff moved to seal certain documents filed in connection with its summary judgment motion: portions of the deposition transcripts and associated exhibits of Andrew Lambridis (*see* ECF 163, First Declaration of Lisa Ferrari ("First Ferrari Decl.") Exs. 1, 60, 61, 62 ("Initial Lambridis Materials")) and Steven Sadeghian (*see id.* Ex. 5 ("Initial Sadeghian Materials")) and USS&F Product Quotations (*see id.* Exs. 13, 14). (*See* ECF 143, Pl.'s First Mot. To Seal.)

On May 15, 2025, Defendants moved to seal documents filed in support of their cross-motion for summary judgment: Exhibits 1 through 9 to that letter-motion, which include emails among Plaintiff, its distributors, and its consultant; excerpts of deposition transcripts of McKeon witnesses; and a McKeon interrogatory response. (*See* ECF 162, Defs.' First Mot. To Seal.)

On June 2, 2025, Defendants moved to seal documents filed in connection with their opposition to Plaintiff's summary judgment motion: their unredacted memorandum of law, supporting declaration, and exhibits 3 through 15 thereto, which include deposition transcripts of McKeon witnesses; communications between McKeon witnesses; a McKeon interrogatory response; copyrighted material of UL on the 10B Standard for Safety; notes about fire curtain

testing; Defendants first set of interrogatories; and highly confidential test reports. (*See* ECF 170, Defs.' Second Mot. To Seal.)[1]

On June 9, 2025, Defendants moved to seal documents as part of their reply brief in further support of their motion for summary judgment and the four exhibits thereto (one of which is broken up into several parts), including deposition testimony, communications, and "documents" (ECF 176). (*See* ECF 175, Defs.' Third Mot. To Seal.)

On June 9, 2025, Plaintiff filed under seal three exhibits to its reply brief in further support of its motion for summary judgment: excerpts of deposition transcripts of Richard N. Walke ("Walke Materials"), Sadeghian ("Additional Sadeghian Materials"), and Lambridis ("Additional Lambridis Materials"). (*See* ECF 180, Second Declaration of Lisa A. Ferrari ("Second Ferrari Decl.") Ex. 82, Walke Materials; Ex. 83, Additional Sadeghian Materials; and Ex. 84, Additional Lambridis Materials.)

While the motions were directed to Judge Carter, they fall within the scope of my referral for general pretrial supervision. (*See* ECF 43, Order of Reference.)

## LEGAL STANDARDS

There is a presumption of public access to judicial documents, and a court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[2] The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the

---

[1] Defendants had technical difficulties with their second sealing application (ECF 170) and filed a letter (incorrectly submitted as a letter-motion) explaining those technical difficulties. (*See* ECF 174.)

[2] This order omits internal quotation marks, alterations, and citations from quoted text.

judicial process"; if the documents are judicial documents, the court then determines the

"weight" of the presumption of public access; and finally, the court must "balance competing

considerations against [the presumption of access]," including "privacy interests of those

resisting disclosure." *Id.*

Courts may deny public access to records that "contain[ ] sensitive and proprietary

information that is not generally publicly available and that, if revealed, could cause significant

competitive harm." *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS),

2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also In re Parmalat Sec. Litig.*, 258 F.R.D.

236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records,

courts may deny access to records that are sources of business information that might harm a

litigant's competitive standing") (citations omitted); *EFCG, Inc. v. AEC Advisors, LLC*, No. 19-CV-

8076 (RA) (BCM), 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting the plaintiff's

request to seal an order containing "confidential, commercially sensitive information which

might harm [the plaintiff's] competitive standing vis-à-vis defendants and other competitors");

*Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.,* No. 16-CV-0740 (JMF), 2017 WL 5151357,

at *2 (S.D.N.Y. Nov. 3, 2017) (sealing internal insurance company records that affected ongoing

operations of the business).

Additionally, courts in this Circuit have noted that although "a business's information

need not be a true trade secret in order to warrant protection from disclosure," trade secret

law "is instructive in gauging whether information constitutes sensitive business information

that courts should shield from public scrutiny." *In re Parmalat,* 258 F.R.D. at 244. Courts

typically apply six factors when determining the existence of a trade secret:

> (1) the extent to which the information is known outside of [the] business; (2) the
> extent to which it is known by employees and others involved in [the] business;

> (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Id.*

## ANALYSIS

The documents at issue have been submitted by the parties in connection with their respective motions for summary judgment and oppositions to the other side's summary judgment motions. Accordingly, the documents at issue are judicial documents that are "useful in the judicial process." *Lugosch*, 435 F.3d at 119-20. The "weight" of the presumption of public access is substantial, because the documents must be considered in connection with a dispositive motion. *Id.* I therefore "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

Plaintiff argues that the Initial Lambridis Materials, the Initial Sadeghian Materials, the USS&F Product Quotations, the Additional Lambridis Materials, and the Additional Sadeghian Materials contain trade secrets and information that, if disclosed, would harm Plaintiff competitively. (*See* ECF 143, Pl.'s First Mot. To Seal; ECF 180, Second Ferrari Decl.) I have reviewed the documents that Plaintiff wishes to seal, and I conclude that the information contained therein would not likely be known outside the company, is information that Plaintiff takes measures to protect, and is information that, if disclosed, could cause competitive harm to Plaintiff. *See, e.g., In re Parmalat,* 258 F.R.D. at 244. Accordingly, Plaintiff's First Motion To Seal (ECF 143) is GRANTED, and the documents filed under seal at ECF 180 may also remain sealed.

Defendants' applications to seal primarily involve documents that Defendants presume Plaintiff would like to keep sealed; Defendants do not argue that these documents should be sealed, instead contending that the documents do not contain information that needs to be protected from public disclosure but that Defendants have filed the materials under seal out of "an abundance of caution." (*See* ECF 162, Defs.' First Mot. To Seal; ECF 170, Defs.' Second Mot. To Seal; ECF 175, Defs.' Third Mot. To Seal.) It appears Defendants did not meet and confer with Plaintiff before filing the sealing motions to determine whether Plaintiff would agree that any of the materials could be filed on the public docket rather than under seal. (*See* ECF 162, Defs.' First Mot. To Seal (stating that counsel for Defendants would reach out to counsel for Plaintiff "to see if any agreement can be met on declassification"); ECF 170, Defs.' Second Mot. To Seal (stating that documents were filed under seal out of an abundance of caution); ECF 175, Defs.' Third Mot. To Seal (reiterating that Defendants filed certain documents under seal out of an abundance of caution).)

With respect to the documents that Defendants seek to file under seal "out of an abundance of caution," there is no reason for the Court to decide whether those documents may be filed under seal before the parties have met and conferred to determine whether the parties agree that any such documents need not be filed under seal. *See Popovchak v. UnitedHealth Grp. Inc.*, No. 22-CV-10756 (DEH), 2025 WL 1312879, at *3 (S.D.N.Y. May 6, 2025); *Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-CV-3687 (ALC) (RWL), 2025 WL 720511, at *1 (S.D.N.Y. Mar. 6, 2025). Accordingly, the parties are ORDERED to meet and confer to determine whether they can agree that any of the documents that Defendants have sought to seal need not be sealed and may be filed on the public docket. The parties shall, by **September 9, 2025**, file a joint letter on the docket stating which, if any, of the documents Defendants seek to seal need

not be sealed; for any documents that Plaintiff maintains should be sealed, Plaintiff shall include in the joint letter an explanation for why those documents should be sealed; and for any documents that Defendants maintain should be sealed, Defendants shall include in the joint letter an explanation for why those documents should be sealed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's First Motion To Seal (ECF 143) is GRANTED, and the documents filed under seal at ECF 180 may also remain sealed. The parties are ORDERED to meet and confer to determine whether they can agree that any of the documents that Defendants have sought to seal need not be sealed and may be filed on the public docket. The parties shall, by **September 9, 2025**, file a joint letter on the docket stating which, if any, of the documents Defendants seek to seal need not be sealed; for any documents that Plaintiff maintains should be sealed, it shall include in that joint letter an explanation for why those documents should be sealed; and for any documents that Defendants maintain should be sealed, they shall include in that joint letter an explanation for why those documents should be sealed. The Clerk of Court is respectfully requested to terminate ECF 143, 174, and 180.

DATED:  August 27, 2025
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge