UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MCKEON ROLLING STEEL DOOR CO., INC.,

                         Plaintiff,

-against-

U.S. SMOKE & FIRE CORP., et al.,

                         Defendants.

23-CV-8720 (ALC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

       Currently before me are three motions to seal documents filed in connection with the parties' pending motions for summary judgment. (ECF 162, Defs.' First Mot. To Seal; ECF 170, Defs.' Second Mot. To Seal; ECF 175, Defs.' Third Mot. To Seal.) On August 27, 2025, I ordered the parties to file a joint letter clarifying which exhibits and portions of exhibits the parties or any of them wish to remain sealed and the bases for the sealing requests. (ECF 184, Order.) The parties timely filed the required joint letter. (ECF 185, Letter.)

       The parties have agreed that the following exhibits and portions of exhibits for which Defendants originally sought sealing need not remain sealed: ECF 162-4, Ex. 12; ECF 162-8, Ex. 26; ECF 162-9, Ex. 28; ECF 170-3, Ex. 29; ECF 170-4, Ex. 30; ECF 170-8, Ex. 34; ECF 170-9, Ex. 35; ECF 170-10, Ex. 36; ECF 170-11, Ex. 37; ECF 170-15, Ex. 41; ECF 176-1, Ex. 42; ECF 176-3, Ex. 43; ECF 176-4, Ex. 43; and ECF 176-5, Ex. 43. Accordingly, by **September 19, 2025**, Defendants are **ORDERED** to refile these exhibits and portions of exhibits on the public docket in unredacted form.

Plaintiff asks that the following exhibits and portions of exhibits remain sealed: ECF 162-1, Ex. 10 pp. 99-100; ECF 162-2, Ex. 11 pp. 103, 110, 113-14, 120-22, 126, 130, 136-39, 157, 180, 188-89, 216, 233, 238, 240-41, 245, 247, 250; ECF 162-3, Ex. 6 pp. 15-16, 30-31; ECF 162-7, Ex. 24 pp. 2-8, 16-17, 25-26, 28, 30; ECF 170-5, Ex. 31; ECF 170-6, Ex. 32; ECF 170-13, Ex. 39 p. 103; ECF 170-14, Ex. 40; ECF 176-2, Ex. 43 pp. 220, 223-25; ECF 176-7, Ex. 45 pp. 35-36, 41, 43. Plaintiff argues that these documents contain information that, if disclosed, could cause it competitive harm. (ECF 185 at 3-4.) Defendants object to some of these requests to seal, on the ground that Plaintiff supports certain requests to seal with conclusory assertions that the materials in question were intended to be kept confidential. (*Id.* at 7.) Defendants state that "many of the issues parties dispute and argue over in this joint letter would be better resolved through more formal motions practice, if necessary, and that both parties should have further opportunity to present their respective arguments . . . ." (*Id.* at 8.) While the public's right of access to judicial documents is undoubtedly of critical importance, Defendants have already had two opportunities to make any arguments it believes to be appropriate about whether particular documents should remain sealed – when Defendants made their initial motion to seal and in the joint letter. Further briefing on this issue is not warranted.

Defendants ask that the following exhibits remain under seal because the documents contain confidential business information belonging to third parties: ECF 162-5, Ex. 21; ECF 162-6, Ex. 22; ECF 170-7, Ex. 33; and ECF 176-6, Ex. 44. And Defendants ask that the following exhibits remain under seal because the documents contain their own trade secrets and/or confidential business information that could, if disclosed, harm Defendants' competitive position: ECF 170-6, Ex. 32; and ECF 170-12, Ex. 38.

2

There is a presumption of public access to judicial documents, and a court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the Court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.* Courts may deny public access to records that "contain[ ] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm." *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing."); *EFCG, Inc. v. AEC Advisors, LLC.*, No. 19-CV-8076 (RA) (BCM), 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting the plaintiff's request to seal an order containing "confidential, commercially sensitive information which might harm [the plaintiff's] competitive standing vis-à-vis defendants and other competitors"); *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-0740 (JMF), 2017 WL 5151357, at *2 (S.D.N.Y. Nov. 3, 2017) (sealing internal insurance company records that affected ongoing operations of the business). Additionally, courts in this Circuit have noted that although "a business's information need not be a true trade secret in order to warrant protection from

disclosure," trade secret law "is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny." *In re Parmalat*, 258 F.R.D. at 244. Courts typically apply six factors when determining the existence of a trade secret: "(1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Id.* at 245.

The documents at issue have been submitted by Defendants in connection with their motion for summary judgment and oppositions to Plaintiff's summary judgment motion. Accordingly, the documents at issue are judicial documents that are "useful in the judicial process." *Lugosch*, 435 F.3d at 119-20. The "weight" of the presumption of public access is substantial, because the documents must be considered in connection with a dispositive motion. *Id.* I therefore "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.* I have reviewed the documents that Plaintiff and that Defendants wish to seal, and I conclude that the information contained therein would not likely be widely known outside the companies, is information that the entities that created the documents take measures to protect, and is information that, if disclosed, could cause competitive harm. *See, e.g.*, *In re Parmalat*, 258 F.R.D. at 244-45. I am unpersuaded by Defendants' argument that Plaintiff's support of certain of its requests to seal is conclusory.

The Clerk of Court is respectfully requested to terminate ECF 162, 170, and 175.

DATED: September 15, 2025
New York, NY

SO ORDERED.

*[signature]*

ROBYN F. TARNOFSKY
United States Magistrate Judge